UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN EDMOND, PAMELA LYLES, )
)
      Plaintiffs, )
)
v. )  Civil Action No. 04-2267 (RJL)
)
JUDY NIGH, et al., )
)
      Defendants. )
)

MEMORANDUM

In this diversity action filed *pro se*, plaintiffs, currently residing in the District of Columbia, are challenging their eviction from a residence in Laurel, Maryland. They seek damages exceeding $15 million. In their amended complaint, plaintiffs name as defendants Property Manager Judy Nigh, Snowden Chase Realty, Attorney Edward Maher, and the State of Maryland. Each Maryland-based defendant has filed a motion to dismiss. Upon consideration of the respective motions and oppositions thereto, the Court will dismiss the complaint against the State of Maryland and transfer the remainder of the complaint to the United States District Court for the District of Maryland.

Maryland moves to dismiss on the ground of sovereign immunity. The Eleventh Amendment provides in pertinent part that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. This amendment immunizes a state from suit in the federal courts, unless immunity is waived. *See Keenan v. Washington*

*Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327-28 (D.D.C. 1986) (citing cases). A waiver is found "only where stated 'by the most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.'" *Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations omitted). Plaintiffs have not cited to any authority from which the Court may find a waiver of sovereign immunity here. They cite a case for the proposition that a municipality may be sued for constitutional violations, Plaintiffs' Response to the Motion to Dismiss Filed by the State of Maryland at 1, but a state is not a municipality. Pursuant to Fed. R. Civ. P. 12(h)(3), the complaint against the State of Maryland will be dismissed for lack of subject matter jurisdiction.

Defendants Judy Nigh and Snowden Chase Realty move jointly to dismiss the complaint on the grounds, among others, that the Court lacks personal jurisdiction over them and that this venue is improper for litigating the claims. These defendants are correct on both points but the Court need only address one. As stated in a previous order, under the applicable venue statute, this action is properly brought "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a). As listed in the complaint, all of the defendants either reside, work, or are otherwise located in Maryland. Moreover, the property that is the subject of this action is situated in Maryland. The Court therefore finds this

venue to be improper.[1] In a separate motion to dismiss, defendant Edward Maher has not raised, and therefore has waived, the procedural defenses. Plaintiffs allege, however, that Maher conspired with Nigh and Snowden Chase Realty to effect the eviction. Because the claim against Maher is intertwined with those brought against defendants who have not consented to or acquiesced in this Court's jurisdiction, the Court declines to sever it. Rather than dismiss the case, however, the Court finds it in the interests of justice to transfer what remains of it to the District of Maryland. *See* 28 U.S.C. § 1406(a) (authorizing a district court to transfer a case "laying venue in the wrong . . . district . . . if it be in the interest of justice").

For the preceding reasons, the State of Maryland's motion to dismiss is granted. The remainder of the case is transferred to the District of Maryland.[2]

/s/ Richard J. Leon
Richard J. Leon
United States District Judge

---

[1] Plaintiffs refer to the Order of April 13, 2005, which permitted the case to remain "here at this stage of the proceedings." That preliminary ruling is not dispositive of the venue question because it was issued before defendants appeared in the case and asserted their defenses. In any event, the order was based on a tenuous connection to this judicial district, *i.e.*, an order from the United States Bankruptcy Court for the District of Columbia that plaintiff's vaguely asserted had some bearing on the Maryland eviction proceedings. Nothing in the developed record supports litigating the case here.

[2] A separate Order accompanies this Memorandum.